IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 15-1536C

(Filed: February 5, 2016)
(NOT TO BE PUBLISHED)

|                                          |     |
| ---------------------------------------- | --- |
|                                          | )   |
| LOCKHEED MARTIN                          | )   |
| CORPORATION,                             | )   |
|                                          | )   |
| Plaintiff,                               | )   |
|                                          | )   |
| v.                                       | )   |
|                                          | )   |
| UNITED STATES,                           | )   |
|                                          | )   |
| Defendant,                               | )   |
|                                          | )   |
| and                                      | )   |
|                                          | )   |
| OSHKOSH DEFENSE, LLC,                    | )   |
|                                          | )   |
| Defendant-Intervenor.                    | )   |
|                                          | )   |

ORDER

Pending before the court is plaintiff's unopposed motion to permanently seal the transcript of the hearing held on January 20, 2016, ECF No. 44, which hearing addressed plaintiff's motion for a preliminary injunction of the procurement award challenged in this bid protest.

The court applies and adheres to the strong presumption of public access to judicial records. *See Sikorsky Aircraft Corp. v. United States*, 112 Fed. Cl. 313, 316 (2013). By rule, the court conducts public proceedings and provides public access to judicial records, with narrow and specifically tailored exceptions to protect, as is pertinent here, "trade secret or other confidential research, development, or commercial information." Rule 26(c)(1)(G) of the Rules of the Court of Federal Claims ("RCFC"); *see also In re Violation of Rule 28(d)*, 635 F.3d 1352 (Fed. Cir. 2011) (applying Fed. R. Civ. P. 26(c)(1)(G), which is identical to RCFC 26(c)(1)(G)). The court has entered a protective order to that effect in this case. *See* Order of December 18, 2015, ECF No. 14. The burden is on the party requesting closure to show that information in a judicial record should be sealed. *See, e.g.*, *In re Violation of Rule 28(d)*, 635 F.3d at 1357. The court applies a balancing test to determine whether secrecy is appropriate, weighing the public interest against the interests of the party or parties seeking a protective order against disclosure. *Id.*

A hearing transcript is a judicial record, presumptively accessible by the public. But here, the interests weigh in favor of closure. This hearing transcript contains extensive information about nascent military technology and competitively sensitive data pertinent to offers in the procurement, which would be difficult if not impossible to redact in a way that would leave meaningful excerpts available to the public.

Nonetheless, the beginning portion of the transcript does not contain protected information. Before proceeding to address the merits of the motion for a preliminary injunction at the hearing, the court heard from, and considered, the position of a news reporter from Bloomberg News, who was in attendance and who asked that as much of the hearing be conducted in open court as possible. After full consideration of the reporter's position and that of the parties, the court concluded that each aspect of the merits of the pending motion concerned protected information and consequently the hearing had to be closed to the public. That opening discourse on the record need not be sealed or otherwise protected from disclosure. Accordingly, the initial portion of the transcript of the hearing conducted on January 20, 2016, spanning from page 1 through page 12, line 12, may be made publicly available.

For good cause shown, plaintiff's motion is GRANTED IN PART. The clerk is directed to make publicly available the transcript of the hearing held on January 20, 2016 from page 1 through page 12, line 12. The remainder of the transcript, i.e., that after page 12, line 12, shall be permanently sealed.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge